**William Brooks CHUTE, Petitioner,**

v.

General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publi-

Peter D. KEISLER,* Acting Attorney General, Respondent.

No. 04–76195.

United States Court of Appeals, Ninth Circuit.

Submitted Sept. 24, 2007.**

Filed Oct. 1, 2007.

Ronald E. Lefevre, Chief Counsel, Office of the District Counsel, San Francisco, CA, U.S. Department of Justice, Civil Div./Office of Immigration Lit., Washington, DC, for Respondent.

Before: CANBY, TASHIMA, and RAWLINSON, Circuit Judges.

MEMORANDUM ***

William Brooks Chute, a native and citizen of Fiji, petitions for review of the Board of Immigration Appeals' ("BIA") decision that summarily affirmed the Immigration Judge's ("IJ") denial of his application for asylum, withholding of removal, and relief under the Convention Against Torture ("CAT").

We dismiss the petition as to Chute's CAT claim because it is not exhausted. *See Barron v. Ashcroft,* 358 F.3d 674, 677–78 (9th Cir.2004).

We have jurisdiction over the remaining claims under 8 U.S.C. § 1252. We review for substantial evidence, *Mgoian v. INS,* 184 F.3d 1029, 1034 (9th Cir.1999), and we grant the petition for review and remand.

Substantial evidence does not support the IJ's finding that Chute failed to show that the government was unable or unwilling to protect him because Chute testified that he was assaulted and robbed by native Fijians on several occasions and the police did not take any action when he reported the incidents. *See Mashiri v. Ashcroft,* 383 F.3d 1112, 1121 (9th Cir. 2004); *see also Surita v. INS,* 95 F.3d 814, 819–20 (9th Cir.1996).

Substantial evidence does not support the IJ's finding that "assuming on the arguendo" there was past persecution, Chute "failed to meet [his] burden." If past persecution is assumed, Chute has a presumption of a well-founded fear of future persecution, and it is the government's burden to rebut the presumption. *See Deloso v. Ashcroft,* 393 F.3d 858, 863–64 (9th Cir.2005).

Accordingly, we grant the petition as to Chute's asylum and withholding claims and remand for further proceedings consistent with this disposition. *See INS v. Ventura,* 537 U.S. 12, 16–18, 123 S.Ct. 353, 154 L.Ed.2d 272 (2002) (per curiam).

**PETITION FOR REVIEW DISMISSED in part; GRANTED in part; and REMANDED.**

cation and is not precedent except as provided by 9th Cir. R. 36–3.

* Peter D. Keisler is substituted for his predecessor, Alberto R. Gonzales, as Acting Attorney General of the United States, pursuant to Fed. R.App. P. 43(c)(2).

** This panel unanimously finds this case suitable for decision without oral argument. *See* Fed. R.App. P. 34(a)(2).

*** This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36–3.